**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Demetrius Simmons, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2017-000057

Appeal From Greenville County
C. Victor Pyle, Jr., Trial Judge
John C. Hayes, III, PCR Judge

Unpublished Opinion No. 2019-UP-256
Submitted June 1, 2019 – Filed July 17, 2019

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Petitioner.

Attorney General Alan Wilson, Senior Assistant Deputy Attorney General Megan Harrigan Jameson, and Assistant Attorney General Taylor Zane Smith, all of Columbia, for Respondent.

**PER CURIAM:** Petitioner was tried *in absentia* and convicted of two counts of first-degree burglary and one count each of petit larceny, resisting arrest, and

breaking and entering an automobile.  Petitioner was later sentenced to an aggregate term of fifteen years' imprisonment.  No direct appeal was taken.  Petitioner subsequently filed an application for post-conviction relief (PCR), which the PCR court denied.  Our supreme court reversed, finding Petitioner was entitled to a belated review of his direct appeal issue pursuant to *White v. State*[1] because the record did not support the PCR court's conclusion that Petitioner knowingly and intelligently waived his right to a direct appeal.  *See Simmons v. State*, Op. No. 2019-MO-012 (S.C. Sup. Ct. filed Feb. 27, 2019).  The supreme court transferred Petitioner's direct appeal issue to this court for review.

Petitioner was convicted of committing two burglaries that took place within hours of each other at the same residence.  During the second burglary, the victim saw Petitioner enter his garage and gave police a physical description of Petitioner.  Soon after, Petitioner, who matched the description given by the victim, was found in the area in possession of a bicycle stolen during the first burglary.  Petitioner argues the trial court erred by admitting into evidence a portion of the 911 call made by the victim during the second burglary in which he stated "the same guy came back."  Petitioner contends the statement should have been excluded as improper prior bad act evidence.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 693-94 ("Issues not raised and ruled upon in the trial court will not be considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal."); Rule 404(b), SCRE ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible to show motive, identity, the existence of a common scheme or plan, the absence of mistake or accident, or intent."); *State v. King*, 424 S.C. 188, 200, 818 S.E.2d 204, 210 (2018) ("If the defendant was not convicted of the prior crime, evidence of the prior bad act must be clear and convincing." (quoting *State v. Fletcher*, 379 S.C. 17, 23, 664 S.E.2d 480, 483 (2008))); *State v. Kirton*, 381 S.C. 7, 27, 671 S.E.2d 107, 117 (Ct. App. 2008) ("A close degree of similarity or connection between the prior bad act and the crime for which the defendant is on trial is required to support admissibility under the common scheme or plan exception." (quoting *State v. Cheeseboro*, 346 S.C. 526, 546, 552 S.E.2d 300, 311 (2001))); *King*, 424 S.C. at 200, 818 S.E.2d at 210 ("Nevertheless, this other bad act evidence must be excluded if its probative value is substantially outweighed by the danger of unfair

---

[1] 263 S.C. 110, 208 S.E.2d 35 (1974).

prejudice to the defendant.").

**AFFIRMED.** [2]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.